SHEGOG v. CRAIG et al. (No. 2207.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 15, 1920.)

MORTGAGES ⚖=48(2)—LAND COVERED BY MORTGAGE ·NOT EMBRACED IN DESCRIPTION OF PRIOR MORTGAGE, GENERAL WORDS BEING LIMITED TO PARTICULAR LAND MENTIONED.

The undivided interest referred to in a mortgage of "the following land in T., and being the undivided interest owned by C., in * * * the estate of S.; said land consisting of three residences * * * and one 12-acre tract and one 8-acre tract," is limited to the particular lands mentioned; and there is not embraced in the description a lot, subsequently mortgaged to another, on which was neither of the three houses, and which was part of neither of two tracts, though part of S.'s estate, in which C. had an undivided interest.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Action by R. B. Long against Mrs. Lelia Craig and others. From an adverse judgment, defendant J. D. Shegog appeals. Affirmed.

Johnson & Edwards, of Tyler, for appellant.

Marsh & McIlwaine, of Tyler, for appellee.

HODGES, J. This appeal presents a contest between two lienholders, each claiming priority in the foreclosure proceedings. The land involved is a lot in the city of Tyler 149 by 148.7 feet lying on the west side of North Spring street, and is a part of a two-acre tract extending from North Spring street west to North Broad street, and which formerly belonged to the estate of T. P. Smith, deceased. Smith died in January, 1900, and left a will in which he bequeathed his entire property to his wife for life, giving her the unrestricted power to dispose of any or all of it at her discretion. The will also provided that one-half of the property remaining undisposed of at the time of the wife's death was to go to the testator's heirs then living; the remainder was devised to the heirs of the wife. See Craig v. McFadden et al., 191 S. W. 203, where this will was construed. The widow of T. P. Smith was named as executor without bond. She acted in that capacity up to the time of her death, which occurred in the latter part of 1914. At the time of Smith's death his real estate consisted of two brick storehouses in Pittsburg, Tex., one house and lot in Yarborough's addition to the city of Tyler, the Sharp place in the Jones addition, that city, and one house and lot on North Broad street, the north half of the east half of which is now in controversy; also one 8-acre tract of land and a 13-acre tract of land in the city of Tyler. At the time the will was made there was a house on the west end fronting on North Broad street on the lot in controversy. In 1907 Mrs. Mary Belle Smith, the widow of T. P. Smith, sold the west half of that lot, which included the house. There were three residences situated on the lots in the Yarborough and the Jones additions to the city of Tyler. The 8-acre tract was unimproved. Mrs. Lelia Craig was one of the heirs of T. P. Smith. On March 15, 1914, Mrs. Craig, joined by her husband, J. W. Craig, executed and delivered to the appellant, Shegog, their promissory note for the sum of $580 due in installments thereafter. To secure the payment of that indebtedness Craig and wife gave a deed of trust, which contained the following description of the property:

"All that certain lot, tract and parcel of real estate lying and situated in the counties of Smith and Cass, to wit, being two hundred and sixty-five (265) acres of land near the town of Troup in Smith county, Texas, and being out of the James Noblitt survey, and the land owned and claimed by said Lelia Craig as heir at law of her father Samuel Smith, deceased, a better description of same being at this time not available; also the following land situated in the town of Tyler, Smith County, Texas, and being the undivided interest owned by said Lelia Craig in and to the estate of Thomas P. Smith, deceased, said land consisting of three residences in said town of Tyler and one 12-acre tract and one 8-acre tract; also two brick store buildings situated in the town of Pittsburg in Cass county, Texas, out of said estate. A full description of the foregoing tracts and

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lots not being at this time available, it is understood and agreed that said Shegog may at any time desired attach the same to this instrument, and when done it shall be considered a part of the same; it being also understood that the interest in and to the estate of T. P. Smith is subject to the life interest of Mrs. Mary Belle Smith, widow of said Thomas P. Smith, deceased."

That instrument was filed for record in due time in the office of the county clerk of Smith county. On October 15, 1914, Craig and wife became indebted to the appellee R. B. Long in the sum of $500. To secure that indebtedness they executed to Long a deed of trust containing the following description:

"All the right, title and interest of the grantor, Lelia Craig, in and to the estate of Thos. P. Smith, deceased; the interest here conveyed being all the interest in the real and personal property inherited by the said Lelia Craig from her uncle Thos. P. Smith, deceased, under the will of said Smith probated in the county court of Smith county, Texas, on the 27th day of July, 1900."

This instrument was promptly filed for record. In September, 1918, Long filed this suit against Craig and wife to recover his debt and to foreclose his mortgage on the lot described in his petition as abutting on the west side of North Spring street in the city of Tyler 149 by 148.7 feet. Shegog and others were made parties defendant upon the ground that they were claiming liens against the same property. The controversy finally narrowed to one between Long and Shegog, each of whom claimed that he was entitled to priority in the foreclosure of his lien. The case was tried before the court without a jury, and a judgment rendered in favor of Long as a prior lienholder, but also allowing a foreclosure in favor of Shegog subordinate to that of Long. Shegog has appealed. The court filed findings of fact and conclusions of law. There is no statement of facts in the record. According to the findings, at the time these mortgages were executed Mrs. Mary Belle Smith, the surviving widow of T. P. Smith, was still living. In the exercise of her right to dispose of any or all of the property, she had sold the west half of the 2-acre lot, of which the land in controversy was a part. The land sold included the house situated thereon. At the time Shegog's mortgage was taken the portion of the lot remaining as a part of the T. P. Smith estate had no residence on it, and was not within the terms of the description. It further appears from the court's findings that when these mortgages were executed there had been no partition among the heirs of T. P. Smith. That did not occur until after the death of Mrs. Mary Belle Smith, in September, 1914. After her death R. B. Long was appointed administrator de bonis non with the will annexed, and he returned into court

an inventory of the estate of T. P. Smith then remaining a certain amount of cash, household goods, and the following described real property: The east half of lot 5 in Yarborough's addition to the city of Tyler, lots 4, 5, and 6 in the Jones addition, 8 acres of land (a part of the Jones survey) in the city of Tyler, and a lot abutting on the west side of Spring street, which is the lot of which the land in controversy is a part. At the time of Mrs. Smith's death, and for several years prior thereto, there were belonging to the T. P. Smith estate three residence houses located in the city of Tyler, one being on lot 5 in the Yarborough addition. The 8-acre tract was unimproved, and so was the other property referred to. Some time after the death of Mrs. Mary Belle Smith a partition was made, and the north half of the property remaining on the west side of North Spring street was allotted to Mrs. Craig as her interest in the estate of T. P. Smith. Soon after that partition Mrs. Craig and her husband executed an instrument containing an accurate description of that property, and delivered it to the appellant Shegog to be attached to his mortgage for the purpose of describing the property to which his lien should attach. The court found as a fact that at the time the deed of trust was executed by Craig and wife to Shegog it was the intention of the parties to incumber the entire interest that Mrs. Craig had in the real property acquired by her under the will of T. P. Smith. He also found that the same intention existed when the deed of trust was executed some time later to the appellee Long. In his conclusions of law the court makes the following statement:

"The terms of the defendant Shegog's said mortgage and its description of the land covered by said mortgage as therein set forth did not include the land in controversy, and could not be held as constructive notice to R. B. Long at the time the mortgage to R. B. Long was executed. Therefore plaintiff R. B. Long's said mortgage lien on the north half of the land described in the original petition is superior to the mortgage lien claimed by the defendant Shegog upon said land, and the said lien of the plaintiff Long should be first satisfied from the proceeds of said land in preference to the claim of the defendant Shegog."

It is contended on this appeal that the court erroneously construed the terms of the description in the mortgage executed to Shegog, and that his finding that it was the intention of the parties to incumber Mrs. Craig's entire interest in the real estate she acquired under the will of T. P. Smith is inconsistent with the legal conclusion announced by the court. There being no statement of facts, we are unable to determine upon what the court bases his conclusion as to the intention of the parties at the time Shegog's mortgage was executed. It is clear,

we think, from the reading of the mortgage, that the land in controversy was not included in the description. The appropriate part of that description is as follows:

"Also the following land situated in the town of Tyler, Smith county, Texas, and being the undivided interest owned by said Lelia Craig in and to the estate of Thos. P. Smith, deceased; said land consisting of three residences in said town of Tyler and one 12-acre tract and one 8-acre tract."

At the time that description was written the terms of that mortgage could have been satisfied without reference to the land in controversy. None of these three residences was situated on the lot in controversy, nor was it a part of the 12-acre tract or the 8-acre tract above referred to. It is evident that the undivided interest referred to in the above description by the terms of the deed of trust was limited to the particular land mentioned in that paragraph.

We are of the opinion that the court's conclusion was correct. He may have been in error in concluding also that it was the intention of the parties at the time Shegog's mortgage was executed to incumber the entire interest of Mrs. Craig in the estate of T. P. Smith. If that was error, no complaint of it has been made on this appeal, and we are not called upon to reconcile that conclusion with the other conclusion sustained. There may have been extraneous facts presented upon the trial on which he based that conclusion. Possibly the filing of a specific description of the land with Shegog by Craig and wife after the partition had been made, which included the land in controversy, may have been considered a material fact in determining the intention of the parties. Since Mrs. Craig and her husband and no other creditor authorized to do so questions the construction of that transaction by the court, we are not required to examine it.

We are of the opinion that there is nothing in the record which would justify a reversal of this judgment, and it is accordingly affirmed.